UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|   |   |
|---|---|
| MILES BRADY, by and through his guardian LISA BRADY<br><br>Plaintiff<br><br>v.<br><br>OYSTER RIVER COOPERATIVE SCHOOL DISTRICT, SAU #5<br><br>Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

### I. *PRELIMINARY STATEMENT*

1. Miles Brady ("Miles" or "Student") prevailed in a due process hearing before the New Hampshire Department of Education in which he challenged Oyster River Cooperative School District's ("Oyster River" or "District") decision to graduate him, and thereby terminate his special education and related services, midway through the 2009-2010 school year. Miles also successfully challenged the District's refusal to permit him to take full-year Spanish and Physics courses at Oyster River High School and the District's failure to provide him with appropriate transition goals and services.

2. The Student, through his mother and guardian, now brings this action seeking reasonable attorney's fees and costs pursuant to the Individuals with

Disabilities in Education Act, 20 U.S.C. §1400 *et seq.* ("IDEA") and N.H. RSA 186-C:16-b.

## II. JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 20 U.S.C. §1415(i)(3).

## III. PARTIES

4. Plaintiff Miles Brady is a nineteen year old student who has been identified by the Oyster River Cooperative School District as a student with educational disabilities pursuant to IDEA. Miles resides in Durham, New Hampshire, with his parents who have obtained legal guardianship over him in the areas of educational and medical decision-making.

5. Defendant Oyster River Cooperative School District is a corporation organized pursuant to New Hampshire RSA 194 and RSA 195 with the power to sue and be sued. It is a local education agency subject to the provisions of IDEA and New Hampshire Law, RSA 186-C and is, therefore, required to provide special education and related services which assure a free and appropriate public education for all students with disabilities who are eligible for special education and who reside within the school district.

## FACTS

6. Prior to the start of the 2009-2010 school year, Lisa Brady, Miles' mother and legal guardian, and the District disagreed about when Miles should graduate from high school, whether he should be permitted to take classes at his local school, as well as the transition services, including goals, objectives and special education services, Miles required to obtain a free and appropriate public education (FAPE). In particular, Ms. Brady disagreed with the District's proposal that Miles graduate in January 2010, its refusal to incorporate the transition goals into his

individual education program ("IEP") that were recommended by Gail Luerssen, his Transition Coordinator, the District's refusal to permit him to take any classes, but Spanish, and its refusal to allow Miles to take even that one class at his local high school.[1]

7. In the summer of 2009, Ms. Brady retained the Disabilities Rights Center, Inc. (DRC) to pursue remedies to ensure Miles' right to receive special education pursuant to IDEA, including his right to receive: an education beyond January 2010 when the District proposed he graduate, an appropriate IEP, including an appropriate transition plan; and an educational placement in the least restrictive environment, which she believed was Miles' local public school.

8. After DRC's efforts to resolve these issues informally with the District failed, on or about August 21, 2009, the DRC filed a request for a due process hearing before the New Hampshire Department of Education pursuant to 20 U.S.C. §1415(f).

9. The New Hampshire Department of Education docketed the Due Process case as IDPH-FY-10-08-007.

10. The Due Process Hearing took place on November 17 and November 18, 2009.

11. The primary contested issue at the hearing involved the District's proposal to graduate Miles in January, 2010, midway through the school year. The Parent alleged that Miles had not made, nor would he make, sufficient progress on his IEP, including his transition plan and related goals, to graduate in January 2010. The Parent objected to the District's proposed graduation date as violating

---

[1] Miles' post-secondary transition goal was to attend a four year college and to study English or Spanish. Given Miles' limited exposure to foreign language and laboratory science classes, and information Ms. Brady secured from the University of New Hampshire and the District's own web-site, Miles and Ms. Brady believed Miles needed to take at least two full years of Spanish as well as a Physics class to meet his post-secondary education goal.

3

Miles' right to a FAPE to prepare him for "further education, employment and independent living" 20 U.S.C. §1400(d)(1)(a) and requested on Order permitting Miles to remain in high school until the end of the 2009-2010 school year.

12. The Parent also objected to the District's failure to provide Miles with the opportunity to take Spanish II and Physics at his local high school, transition services that he required to reach his transition goal, in violation of 20 U.S.C. §1414(d)(VIII)(bb). Further, the Parent objected to the District's refusal to permit Miles to take classes at his local high school, the least restrictive environment, in violation of 20 U.S.C. §1412(a)(5). The Parent requested that Miles be permitted to complete Spanish II and Physics classes at Oyster River High School.

13. Finally, the Parent objected to the District's refusal to incorporate the transition goals and objectives recommended by Transition Coordinator Gail Luerssen as violating his right to appropriate, measurable post-secondary goals and short-term objectives/benchmarks under 20 U.S.C. §1414(d)(VIII)(aa) and N.H. RSA 186-C:7,III. The Parent requested that the District amend Miles' IEP to include the goals and objectives Ms. Luerssen recommended.

14. The Parent prevailed on each of the issues litigated at the hearing.

15. In a decision issued on January 5, 2010, Hearing Officer John P. LeBrun ruled in favor of the Plaintiff, ordering that Miles be allowed to remain matriculated at Oyster River High School through the entire 2009-2010 school year, that the District permit Miles to "complete the Spanish and Physics classes with his peers at his local high school and that the transition goals recommended by Gail Luerssen be implemented in the IEP." *See* Decision, incorporated herein and attached hereto as Exhibit A, p. 11.

16. By virtue of their victory in the due process hearing, Student is the prevailing party within the meaning of 20 U.S.C. §1415(i)(3)(B). Accordingly, the Student is entitled to recover his reasonable attorney's fees and related costs.

4


17.     Plaintiff's counsel spent significant time in connection with the aforementioned administrative litigation including, but not limited to, reviewing voluminous records, drafting the due process complaint, participating in the mediation process, filing and responding to various motions to resolve discovery disputes as well as disputes concerning the scope of the hearing, preparing multiple witnesses, including three expert witnesses who appeared for the Student, preparing to cross-examine the six witnesses on the District's witness list, appearing and representing Miles at the hearing, and drafting and filing a request for findings of fact and rulings of law as well as a post-hearing memorandum.

18.     From August 14, 2009 through January 25, 2010[2], Plaintiff's incurred attorney's fees in the amount of $ 72,562.50.  Plaintiffs have continued to incur attorney's fees and costs after January 25, 2010, in relation to the preparation and prosecution of this action.

19.     Plaintiff's counsel has attempted to resolve this matter with counsel for Defendant prior to filing the instant Complaint, but the District has refused to comply with the Student's request for reasonable attorney's fees.

## V.  CAUSE OF ACTION

20.     Plaintiff re-alleges paragraphs 1 through 19 of this complaint.

21.     Plaintiff is the prevailing party within the meaning of the IDEA, 20 U.S. C. 1415(i)(3)(B), and as such is entitled to an award of reasonable attorney's fees and costs.

---

[2] The Hearing Officer's decision was issued on January 5, 2010. Between January 5 and January 25, Plaintiff's counsel spent time on issues relating to implementation of the Hearing Officer's orders including, but not limited to, attending meetings with Counsel for the District and Miles' Special Education team.

## VI. *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in his favor and against Defendant Oyster River Cooperative School District, to award him reasonable attorney's fees and costs pursuant to 20 US.C. §1415(i)(3)(B), including reasonable attorney's fees and costs incurred in the prosecution of this action, and to award him such further relief as the Court may deem just and proper.

Respectfully submitted this 6th day of May, 2010

Miles Brady, by and through his guardian,
Lisa Brady

By her attorneys

/s/ Karen L. Rosenberg
_____
Karen L. Rosenberg, Esq.
N.H. Bar No. 5639
Disabilities Rights Center, Inc.
18 Low Avenue
Concord, NH   03301
(603)228-0432
KarenR@drcnh.org

/s/ Amy B. Messer
_____
Amy B. Messer, Esq.
N.H. Bar No. 8815
Disabilities Rights Center, Inc.
18 Low Avenue
Concord, NH   03301
(603)228-0432
AmyM@drcnh.org